419 So.2d 1139 (1982)
Ted ROZEMA, Appellant,
v.
Deborah L.M. WILSON, Appellee.
No. AI-368.
District Court of Appeal of Florida, First District.
September 23, 1982.
Rehearing Denied October 22, 1982.
Daniel S. Dearing, of Dearing & Smith, Tallahassee, for appellant.
Paul M. Eakin, of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellee.
WIGGINTON, Judge.
At issue in this appeal is the enforceability of an oral agreement entered into between appellant, Dr. Ted Rozema, and appellee, Deborah Wilson. Rozema, defendant below, sought to avoid performance under the agreement arguing the Statute of Frauds, Section 725.01, Florida Statutes, in a motion for partial summary judgment. Wilson, in her memorandum in opposition to the motion, argued the agreement was a contract for sale and fell within the UCC Statute of Frauds, Section 672.201, Florida Statutes. Moreover, she claimed the oral agreement fell within an exception to the rule, viz. Section 672.201(3)(b), and was therefore enforceable. The trial court *1140 agreed and denied the motion for partial summary judgment. Subsequent to that order, the court entered a final "order" in favor of Wilson for specific performance, in which it incorporated the prior order.[1] The sole issue raised on appeal regards the trial court's finding UCC Article II to be controlling, denying applicability of Section 725.01, and denying appellant's motion for partial summary judgment. We reverse.
Wilson and Rozema are breeders of Paso Fino horses. Those horses, originating in the Spanish provinces of Andalusia and Cordela, were first introduced to this continent nearly 500 years ago when Columbus made his second voyage to the New World. They were a mixture of Spanish Jennet, Barb and Andalusian strains and were given new grazing lands at Santa Domingo. Some of those horses were taken to Puerto Rico, Colombia and Peru, and eventually made their way to North America where they became known as the "Paso Fino," a light horse of great elegance and style, particularly suited for breeding, showing and pleasure riding.
In October, 1977, Wilson and Rozema orally agreed to breed two Paso Fino mares from Rozema's ranch in North Carolina to Wilson's Paso Fino stallion, Belmonte, in Tallahassee. Pertinent to the issue in this appeal, Wilson alleged in her complaint that the mare LaNoche was to be bred to Belmonte for three consecutive years beginning in 1978. Although the details of the agreement as appear in the pleadings are conflicting, according to Wilson's version, the first year's foal would belong to Rozema, unless it was a stud colt, in which event, Wilson would have the right of first refusal should Rozema try to sell the colt. In addition, in the first year, she would be entitled to retain the offspring of the second mare bred to Belmonte, if any.
On the contrary, Rozema alleges in his counterclaim that Wilson's entitlement to the first-year foal produced by the second mare was conditioned on LaNoche's producing a foal in that same year. No provisions were made between the parties for either or both of the mares not settling.
In June, 1978, the mares LaNoche and Yocanda were transported to Tallahassee to perform their matronly duties, and, over a period of approximately three months, were presented to Belmonte. In September, they were picked up by appellant and returned to his ranch. Initially, it appeared that neither mare had settled. Later, however, in February, it became apparent that while LaNoche had not settled, Yocanda had; in August, 1978, she bore a filly foal.
Although it is disputed when and how Wilson demanded delivery of the foal to her under her version of the oral agreement, it is clear that Rozema retained possession of Yocanda's foal. Wilson subsequently filed suit, primarily seeking specific performance.
Rozema moved for partial summary judgment alleging the agreement violated the Statute of Frauds, Section 725.01, as being impossible of performance within one year. Wilson argued that the agreement was a contract for sale, falling within Article II of the UCC and therefore the Code's Statute of Frauds, Section 672.201(1). However, Wilson contended that the contract was nonetheless enforceable under Section 672.201(3)(b), in that Rozema allegedly admitted to a contract for sale in his pleadings.
We disagree that the oral agreement amounted to a contract for sale. Nowhere in the initial pleadings has a contract for sale been alleged. Rather, Wilson and the trial court have backed into the UCC's concept of a contract for sale by characterizing the unborn young of the mares as "goods." Although Section 672.106(1) defines a contract or agreement as relating to the "present or future sale of goods," it contemplates there being a "contract for sale" in the first instance. A "sale," in turn, contemplates there being a seller and a buyer. Here, however, no showing has been made *1141 that the parties to the agreement ever intended a sale. Therefore, absent that intent, and a seller-buyer relationship, we need not reach the issue whether the agreement is subject to the exception to the UCC Statute of Frauds, for Section 672.201(3)(b) is similarly predicated on the existence of a contract for sale.
Having determined the oral agreement is not controlled by the UCC, Article II, we turn our attention to whether the agreement is unenforceable under the conventional Statute of Frauds, Section 725.01.
Under 725.01, an oral agreement would be enforceable unless it "is not to be performed within the space of one year from the making thereof ..." It is uncontroverted in the record that the oral agreement entered into between Rozema and Wilson would extend over a period of three years of breeding. Therefore, the agreement is unenforceable as violative of the Statute of Frauds.[2]
We reverse so much of the order of the trial court as is predicated on an enforceable contract, and remand with instructions that it grant appellant's motion for partial summary judgment. We otherwise leave undisturbed the remaining portions of the final order.
SHIVERS and SHAW, JJ., concur.
NOTES
[1] Not subject to this appeal is that portion of the final order directing a verdict in favor of Rozema as to Counts II and III of Wilson's complaint and finding Counts I and II of Rozema's counterclaim to be without merit.
[2] Whether part performance would apply to take the agreement out of the Statute of Frauds cannot be determined because the two versions of the agreement set forth in the pleadings are not in accord as to when either party had performed his or her part of the bargain. To hold otherwise would require this Court to make a contract for the parties, a result the Statute of Frauds was clearly intended to avoid.