WALLACE, Judge.
American Zurich Insurance Company, as subrogee of Blyth, Inc., doing business as Candle Corporation of America, doing business as Partylite Gifts (American Zurich), appeals the final summary judgment entered in favor of St. George Crystal, Ltd. (St. George). Because the trial court erred as a matter of law in determining that section 725.01, Florida Statutes (1997), barred American Zurich’s claims, we reverse the trial court’s final summary judgment, and we remand for further proceedings.
*244 The facts drawn from the record are reviewed in the light most favorable to the nonmoving party against whom final summary judgment was entered. Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256, 259 (Fla.2002). According to American Zurich’s complaint, St. George was the exclusive manufacturer of glass candle holders for its insured. On July 14, 1998, one of the candle holders St. George supplied to American Zurich’s insured broke in half and caused injury to a customer. The customer filed a personal injury action against American Zurich’s insured. In September 2000, American Zurich settled the lawsuit on behalf of its insured for $50,000. Acting as the subro-gee of its insured, American Zurich then filed an action in the circuit court against St. George for contractual indemnity. American Zurich’s claims for contractual indemnity were based upon the terms and conditions of purchase that appeared on the reverse side of a purchase order that American Zurich’s insured routinely used to purchase candle holders from its supplier, St. George. The relevant provisions of the purchase order were as follows:
1. Acceptance. Seller shall be bound by this order and all of the terms and conditions hereof upon its acknowledgment or acceptance of this order, or upon the delivery of all or any part of the products or services ordered herein. Any waiver, alteration or modification of the terms and conditions of this order, to be valid, must be in writing and signed on behalf of Buyer by its authorized agent. Any variation, change or difference from the terms and conditions set forth herein (whether by way of additional or different terms and conditions proposed by the Seller in any acknowledgment form or other written or oral communication) is hereby objected to.
5. Indemnification. Seller agrees to defend, indemnify and hold harmless Buyer, its employees and customers from and against any and all loss, liability, damages, costs, attorneys’ fees or other expenses incidental thereto of any kind and nature whatsoever, on account of any claims or suits for bodily injury or death to any person....
American Zurich was unable to produce a writing signed by St. George or its authorized agent acknowledging the terms of the contract.
St. George moved for summary judgment on the ground that the contract alleged in the complaint was unenforceable pursuant to section 725.01 because it was not in a writing signed by St. George and was a promise “to answer for the debt, default or miscarriage of another person.” In response, American Zurich asserted that section 725.01 was inapplicable. American Zurich asserted that because the alleged agreement was a contract for the sale of goods, section 672.201, Florida Statutes (1997), the statute of frauds contained in article 2 of the Uniform Commercial Code — and not section 725.01 — was controlling.
The circuit court ruled that section 725.01 barred the enforcement of American Zurich’s claims “to the extent same sound in indemnification or seek recovery for breach of contract based upon any contractural [sic] provision dealing with indemnification.” Accordingly, the circuit court entered a final summary judgment in favor of St. George and against American Zurich.
Summary judgment is proper only when there is no genuine issue of material fact and when the moving party is entitled to a judgment as a matter of law. Volusia *245 County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Therefore, the standard of review of a summary judgment is de novo. Id. Our review of the summary judgment in this case requires us to determine whether the circuit court correctly ruled as a matter of law that section 725.01 was applicable to the agreement between American Zurich’s insured and St. George.
The initial step in our analysis is to determine whether the parties entered into a contract for the sale of goods. If so, then section 672.201, the statute of frauds provided for in article 2 of the UCC, is controlling. Only upon a finding that section 672.201 is not controlling need we refer to the general statute of frauds, section 725.01. Cf. Rozema v. Wilson, 419 So.2d 1139 (Fla. 1st DCA 1982) (excluding the applicability of section 672.201 before analyzing the enforceability of a contact under section 725.01). Article 2 of the UCC, as adopted in chapter 672, Florida Statutes, applies to all transactions in goods. § 672.102. Viewed in the light most favorable to American Zurich, the record establishes that American Zurich’s insured agreed to purchase and St. George agreed to sell one or more quantities of candle holders. Because candle holders meet the definition of “goods” contained in section 672.105, the parties’ agreement was for a transaction in goods. Therefore, section 672.201, not section 725.01, is controlling on the statute of frauds issue.
Because section 725.01 was inapplicable to the agreement between American Zurich’s insured and St. George, the circuit court erred in granting summary judgment in favor of St. George on the theory that section 725.01 operated to bar the enforcement of American Zurich’s claims based on contractual indemnity. We need not consider the enforceability of the agreement pursuant to section 672.201 because St. George did not plead the statute of frauds contained in article 2 of the UCC as a defense. The question whether the provision for indemnification contained in the purchase order ever became a part of the agreement between American Zurich’s insured and St. George is a separate issue that must be addressed on remand. See Advanced Mobilehome Sys. of Tampa, Inc. v. Alumax Fabricated Prods., Inc., 666 So.2d 166 (Fla. 2d DCA 1995) (noting the distinction between eliminating the statute of frauds as a defense and proving the terms of the contract). Our resolution of this matter also makes it unnecessary for us to address St. George’s argument that section 725.01’s reference to a “promise to answer for the debt, default or miscarriage of another” applies to a contract for indemnity.
The circuit court erred in entering summary judgment in favor of St. George. Accordingly, we reverse the final summary judgment, and we remand this case to the circuit court for further proceedings.
Reversed and remanded for further proceedings.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.